UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


DOUGLAS DUNLAP,

       Petitioner,

v.                                             Case No. 09-10168-BC
                                              Honorable Thomas L. Ludington

DEBRA SCUTT,

       Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION
FOR EQUITABLE TOLLING, DISMISSING THE HABEAS
PETITION WITH PREJUDICE, DECLINING TO ISSUE
A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE
TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

      Petitioner, Douglas Dunlap, presently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, has filed a pro se application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of assault with intent to murder, Mich. Comp. Laws §750.83; and felony firearm, Mich. Comp. Laws §750.227b.[1] He was sentenced to 28 to 60 years in prison for the assault with intent to murder conviction and a consecutive sentence of two years for the firearm conviction. Petitioner alleges that he was convicted on the basis of erroneous jury instructions, ineffective assistance of trial counsel, improper admission of third-party hearsay evidence, prosecutorial misconduct, and improper sentencing. Pending before the Court is

---

[1] Petitioner was acquitted of two additional counts of first-degree premeditated murder, Mich. Comp. Laws §750.316(1)(a).

Petitioner's "Motion for Equitable Tolling to Allow Petitioner's *Pro Se* Petition for Writ of Habeas Corpus to Proceed Timely."

"Petitioner concedes that he has missed the statutory one-year time limit in which to file his § 2254 petition for writ of habeas corpus." Mot. at 4, ¶10. "Nevertheless, Petitioner urges the Court to equitably toll the one year limitations period." *Id.* The petition is not timely, and equitable tolling is not appropriate in this case. Therefore, the habeas petition will be dismissed with prejudice.

I

Petitioner is correct in his assessment of the untimeliness of his habeas petition. Petitioner was convicted on December 17, 1998. He filed a direct appeal; and his conviction was affirmed on January 16, 2001. *People v. Dunlap,* No. 217123, 2001 WL 776752 (Mich. Ct. App. Jan. 16, 2001). Petitioner filed a delayed application for leave to appeal with the Michigan Supreme Court, which was denied on November 30, 2001. *People v. Dunlap,* 465 Mich. 912; 636 N.W.2d 526 (Nov. 30, 2001)(table). Direct appeal of Petitioner's conviction ended with the state high court's decision.

Petitioner's conviction become final, for the purposes of commencing the AEDPA's one-year limitations, 90 days after the state supreme court denied the appeal, or February 28, 2002. That is the date when the period for seeking certiorari with the U.S. Supreme Court expired. *Bronaugh v. Ohio,* 235 F.3d 280, 283 (6th Cir. 2000); *Thomas v. Straub,* 10 F.Supp.2d 834, 835 (E.D. Mich. 1998). Because Petitioner's conviction became final after the April 24, 1996 enactment date of the AEDPA, Petitioner had one year from February 28, 2002 to timely file a petition for habeas relief in a federal court. 28 U.S.C. § 2244(d)(1)(A). Absent state collateral review, Petitioner would have been required to file his petition for writ of habeas corpus with the federal court no later than

February 28, 2003. However, no further action was taken on this case until January 20, 2005, when Petitioner filed a motion for relief from judgment, which was denied on April 6, 2006.

A properly filed application for state post-conviction review or other state collateral review (i.e., motion for relief from judgment or motion for a new trial) tolls the statute of limitations during the period the application is pending, but it cannot revive the statute of limitations period (i.e., restart the clock) after the limitations period has expired. See *Hargrove v. Brigano,* 300 F.3d 717, 718, n.1 (6th Cir. 2002); 28 U.S.C. § 2244(d)(2). Such a post-judgment filing can only serve to pause a clock that has not yet fully run. *Benoit v. Bock,* 237 F. Supp. 2d 804, 807 (E.D. Mich. 2003). Once the limitations period has expired, collateral petitions can no longer serve to avoid a § 2244 statute of limitations. Because Petitioner filed his motion for state collateral review almost two years after the statutory period had already expired, his habeas petition is not timely.

II

Petitioner has not alleged that a state-created impediment, 28 U.S.C. § 2244(d)(1)(B), a newly recognized constitutional right, 28 U.S.C. § 2244(d)(1)(C), or a newly discovered fact, 28 U.S.C. § 2244(d)(1)(D), prevented him from filing his habeas petition sooner. Consequently, § 2244(d)(1)(A) is the only relevant subsection, and it expired on February 28, 2003. Petitioner urges the Court to equitably toll the limitations period due to his misunderstanding of the law as it relates to preparing habeas corpus filings, his visual acuity problems, and his mental health challenges. Specifically, petitioner states that he "missed the deadline because [he] is legally blind in one eye, has limited vision in the other eye, did not have constructive knowledge of the AEDPA's one-year limitation, and during the year 2005 was seeking psychiatric and psychological assistance." Mot. at 4, ¶10. He claims that these circumstances made it impossible for him to timely pursue a habeas

corpus remedy. Petitioner also alleges that he was diligent in pursuing his claims once he learned of his right to seek post-conviction relief in state court and the statutory limitations period. He also asserts that respondent will not be "substantially" prejudiced if the Court grants Petitioner's equitable tolling motion.

In appropriate circumstances, equitable tolling applies to the one-year limitations period for habeas petitions. *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001). However, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). When deciding whether equitable tolling is appropriate, the Court considers and balances the factors set out in *Andrew v. Orr*, 851 F.2d 146 (6th Cir. 1988), "unless there is congressional authority to the contrary." *Dunlap*, 250 F.3d at 1009. The *Andrews* factors are: (1) lack of actual notice of [the] filing requirement; (2) lack of constructive knowledge of [the] filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement. *Andrews*, 851 F.2d at 151. "These factors . . . are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (internal citation omitted).

Addressing Petitioner's mental health argument, "[a] habeas petitioner's mental incompetence is not a per se reason to toll the statute of limitations . . . . Instead, the alleged mental incompetence must somehow have affected the petitioner's ability to timely file a habeas petition." *Brown v. McKee,* 232 F. Supp. 2d 761, 767 (E.D. Mich. 2002). The petitioner has the burden of showing that his mental problems rendered him unable to file a timely habeas petition. *Id.* at 768.

Therefore, he must allege more than the mere existence of a mental illness in order to qualify for equitable tolling. *See Miller v. Runyan,* 77 F.3d 189, 191 (7th Cir. 1996). Mental illness is a basis for equitable tolling of a limitations period only in "exceptional circumstances." *Id.* Moreover, the extraordinary circumstances that would justify equitable tolling on the basis of mental incapacity are not present when the party who seeks the tolling has been able to pursue his legal claims during the period of his alleged mental incapacity. *Id.*

In support of the existence of petitioner's psychological impediment, he merely states that "during the year 2005 [he] was seeking psychiatric and psychological assistance." Mot. at 4, ¶10. The Court does not find this argument persuasive for two reasons. First, the statute of limitations had expired at least two years before Petitioner's psychological status became an issue. Second, Petitioner fails to provide the Court with any details surrounding his psychiatric condition and how that impeded his ability to timely file a habeas petition in this matter.

Regarding Petitioner's vision impairment, the Court concludes that his vision challenges are insufficient to invoke equitable tolling where he has not demonstrated that he was "rendered wholly unable to pursue his legal rights during the relevant time period due to his legal blindness . . . ." *See Warren v. U.S.*, 71 F. Supp. 2d 820, 823, n.3 (S.D. Ohio 1999). Petitioner's assertions regarding his "blindness" and lack of "visual acuity" are conclusory with no substantiation so as to justify equitable tolling.

Finally, Petitioner claims that his misunderstanding of the law regarding the statute of limitations and its relationship to habeas corpus filings is a basis for equitable tolling in this case. Even assuming that Petitioner lacked actual knowledge of the filing requirement, ignorance of the law and Petitioner's pro se status are not sufficient grounds to warrant equitable tolling. *Allen v.*

*Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)); *Johnson v. United States Postal Service*, 863 F.2d 48, No. 86-2189, 1988 WL 122962, at *2 (6th Cir. Nov. 16, 1988) (unpublished decision citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147 (1984)).  The Court need not consider lack of prejudice to the respondent, because petitioner has failed to demonstrate the existence of other factors that justify tolling. *Allen*, 366 F.3d at 404. Lack of prejudice to the respondent is not an independent basis for invoking the doctrine of equitable tolling. *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 152 (1984).

### III

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition. 28 U.S.C. § 2253(c)(1). A district court, in its discretion, may decide whether to issue a COA at the time the court rules on a petition for a writ of habeas corpus, or it may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled in part on other grounds by Lindh v. Murphy*, 521U.S. 320.

In denying the habeas petition, the Court has studied the case record and the relevant law, and concludes that it is presently in the best position to decide whether to issue a COA. *See Castro*, 310 F.3d at 901 (quoting *Lyons*, 105 F.3d at 1072). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the Court concludes that reasonable jurists would not debate that a plain

procedural bar requires dismissal of the petition, and no certificate of appealability is therefore warranted.

IV

Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district court action who desires to appeal *in forma pauperis* must file a motion to that effect in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. §1915(a)(3). The standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant leave to proceed *in forma pauperis* if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765.

Petitioner's habeas petition was clearly filed beyond the statutory period. Petitioner nevertheless may appeal this decision *in forma pauperis* because he was granted leave to proceed *in forma pauperis* in this Court. Fed. R. App. P. 24(a)(3).

V

Accordingly, it is **ORDERED** that Petitioner's "Motion for Equitable Tolling to Allow Petitioner's *Pro Se* Petition for Writ of Habeas Corpus to Proceed Timely" [Dkt. #3] is **DENIED.**

It is further **ORDERED** that Petitioner's habeas petition is **DISMISSED** with prejudice.

It is further **ORDERED** that a certificate of appealability is **DENIED**, because reasonable jurists would not find it debatable whether the petition states a valid claim of the denial of a constitutional right or whether the Court was correct in ruling that a procedural bar precludes review of the substantive merits of Petitioner's claims. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

It is further **ORDERED** that Petitioner nevertheless may appeal this decision *in forma pauperis* because he was granted leave to proceed *in forma pauperis* in this Court. Fed. R. App. P. 24(a)(3).

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: September 24, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 24, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS

---